# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:24-mj-00122 |
| v. | ) | Charging Dist. Case. No. 3:24-mj-1171-LLL |
| STANLEY TOLBERT HOBBS, JR. | ) | U.S. Mag. Judge Christopher H. Steger |

## MEMORANDUM AND ORDER

Defendant STANLEY TOLBERT HOBBS, JR. ("Defendant") came before the Court on May 14, 2024, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure, for an initial appearance on a Criminal Complaint out of the United States District Court for the Middle District of Florida.

After being sworn in due form of law, Defendant was informed or reminded of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at Government expense. Consequently, the Court **APPOINTED** Clay Whittaker of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant with respect to further proceedings in this case in the Eastern District of Tennessee.

Defendant was furnished with a copy of the Criminal Complaint and had an opportunity to review that document with his attorney. The Court determined that Defendant was capable of being able to read and understand the Criminal Complaint. At the Court's request, AUSA Russ Swafford explained to Defendant the offenses detailed in the Criminal Complaint. Defendant acknowledged that he understood the offenses with which he is charged in the Criminal Complaint.

The Court explained to Defendant his right to an identity hearing to determine whether he is the person named in the Criminal Complaint; a right to production of the warrant (or a certified copy or electronic copy); a preliminary hearing; and a detention hearing. The Court further explained to Defendant his right to transfer these proceedings to the charging district, which, in this case, is the United States District Court for the Middle District of Florida.

Following consultation with his counsel, Defendant agreed to waive an identity hearing, production of the warrant, a preliminary hearing, and a detention hearing, and to request transfer of those proceedings to the United States District Court for the Middle District of Florida [Doc. 6].

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BOND** pending further proceedings in the United States District Court for the Middle District of Florida is **GRANTED**.

2. The United States Marshal's Service shall transport Defendant to the United States District Court for the Middle District of Florida.

3. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the Middle District of Florida.

4. The Clerk of Court for the United States District Court for the Middle District of Florida, shall immediately notify the United States Attorney for such district of Defendant's arrival so that further proceedings may be promptly scheduled.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE